■ MALCOLM F. WHEELER et al., Appellants, v LUCKY COMPANY, INC., et al., Respondents. — Order, Supreme Court, New York County (Myers, J.), entered June 13, 1984, which, *inter alia,* granted the motion of defendants Lucky Company, Inc., and Wallace Katz for summary judgment and directed vacatur of plaintiffs' *lis pendens,* modified, on the law, without costs and disbursements, to deny the motion of defendants Lucky Company, Inc., and Wallace Katz for summary judgment and reinstate plaintiffs' *lis pendens,* and otherwise affirmed.

On September 1, 1983, plaintiff entered into a contract with defendant Lucky Company, Inc., to purchase a condominium apartment. At the time of the execution of the agreement the defendant corporation had neither title nor possession but was the assignee of the subscription rights to the apartment under an offering plan to convert the premises to condominium ownership. The apartment was occupied at that time by a sublessee. The assignment of the subscription rights from the original tenant to Lucky Company, Inc., had been approved by the sponsor of the conversion plan.

The purchase price of the apartment was $115,000. Plaintiff made a down payment of $11,500, to be held in escrow by defendant's attorney. Paragraph 21 of the purchase agreement provided: "Buyer has been advised that there is a tenant in possession of the premises presently who has been given on

August 31, 1983 written notice to vacate * * * [T]he closing may at Seller's request be adjourned if possession cannot be delivered to Buyer at time of Seller's closing with Sponsor * * * If possession cannot be delivered by April 30, 1984, either party shall have the option to cancel this agreement and the down payment shall be returned forthwith without further obligation to either party". Lucky Company, Inc., received a condominium unit deed to the apartment on February 27, 1984. However, the holdover sublessee remained in possession. Plaintiffs commenced this action for declaratory judgment, specific performance and injunctive relief on March 14, 1984.

It is unclear from the record what duty, if any, defendant Lucky Company, Inc., owed plaintiffs to remove the holdover sublessee from the apartment prior to April 30, 1984, the date when defendant's option to cancel the purchase agreement became effective. Plaintiffs allege that defendants not only failed to use good-faith efforts to obtain possession but actively encouraged the holdover sublessee to remain in occupancy. Defendants' purported cancellation of the contract on May 1, 1984 was arguably barred by the default order of April 23, 1984 granting plaintiffs' motion to preliminarily enjoin any such cancellation. In any event, it was only after the oral argument of this appeal that defendants attempted to return plaintiffs' down payment as required by the agreement. Summary judgment is inappropriate under these circumstances. Concur — Murphy, P. J., Sullivan, Ross and Carro, JJ.